# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Candice Allen, et al., | Case No. 1:11-cv-420 |
| Plaintiffs, | Judge Barrett |
| v. | |
| Lindenwald Medical Associates, | **AGREED PROTECTIVE ORDER** |
| Defendant. | |

It is hereby stipulated and agreed by and between Plaintiffs Candice Allen, Jennifer Welch, Ciera Stevens, Christina Kelly, and Deborah Cornett ("Plaintiffs"), and Defendant Lindenwald Medical Associates ("Defendant"), the parties to this action (the "Parties"), through their respective counsel and subject to the approval of this Court, that the following Protective Order be entered in this action:

1. Definitions:

1.1 "Disclosing Party" shall mean any party, entity, or person that is disclosing Discovery Material to a Receiving Party.

1.2 "Receiving Party" shall mean any party, entity, or person that is receiving Discovery Material from a Disclosing Party.

1.3 "Discovery Material" shall mean any information data, documents or thing, tangible or intangible, that may be made subject to discovery under the Federal Rules of Civil Procedure or by statute.

1.4 The Disclosing Party may designate any Discovery Material as CONFIDENTIAL. For purposes of this Protective Order, any Discovery Material produced

1

by a present or former officer, director, employee, partner, member, spouse, or agent of a Disclosing Party, which belongs to or is provided on behalf of the Disclosing Party, shall be deemed to have been produced by that Disclosing Party and shall have the right to designate such documents as CONFIDENTIAL.

1.5  For the purposes of this Order, "CONFIDENTIAL" information may include, but is not limited to, oral information; written documents (whether in hard copy, stored on magnetic or other media or stored in an electronic storage device), including but not limited to internal notes, meeting minutes, corporate resolutions, internal memoranda, external memoranda, e-mails, correspondence, nonpublic marketing materials, accounting information, financial plans, business plans, photographs, drawings, graphs, tax returns, customer information; supplier information, unreleased product information; models and prototypes, or any other tangible or written materials, which a Disclosing Party in good faith indicates, in whole, in part or in combination with other information, should be maintained as CONFIDENTIAL and has been subject to efforts that are reasonable under the circumstances to maintain its privacy, security or secrecy.

1.6  Any CONFIDENTIAL information disclosed orally may be designated as CONFIDENTIAL at the time such oral statement is disclosed or within five (5) days after the Disclosing Party becomes aware of such disclosure. Any CONFIDENTIAL information disclosed orally, at a time when a recording of such disclosure was being made, may be designated as CONFIDENTIAL at the time such oral statement is made or at any time thereafter. Any CONFIDENTIAL information disclosed orally, during a deposition, meeting or phone conference at which a transcript is being made, may be designated as CONFIDENTIAL before the transcribing officer, at the time such CONFIDENTIAL

information is disclosed or at the time the written transcript is received by the Disclosing Party for review and signature. The transcribing officer shall be instructed by the Disclosing Party as to how to stamp or mark the transcript, in compliance with the requirements set forth hereafter.

2. CONFIDENTIAL information may be included in responses in any of the following: (i) documents produced by Disclosing Party pursuant to informal requests or formal requests under Rule 34 of the Federal Rules of Civil Procedure and all information derived there from, and all copies, excerpts, summaries or notes thereof; (ii) all documents produced pursuant to subpoenas under rule 45 of the Federal Rules of Civil Procedure and all information derived there from, and all copies, excerpts, or summaries thereof; (iii) responses to requests to admit made pursuant to Rule 36 of the Federal Rules of Civil Procedure and all information derived there from, and all copies, excerpts, or summaries thereof; (iv) responses to Interrogatories made pursuant to Rule 33 of the Federal Rules of Civil Procedure and all information derived therefrom, and all copies, excerpts, or summaries thereof; and (v) transcripts of depositions taken under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure and all information derived therefrom, and all copies, excerpts, summaries or notes thereof; (vi) information provided as the result of the Rule 26(f) conference, (vii) all other information, testimony and documents produced pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure; (viii) information discovered or obtained by Receiving Party, through informal means, even if Disclosing Party was initially unaware the information had been provided and (ix) all information obtained from any computer disks, computer memory, or electronic storage, which is not limited to computers or electronic storage devices owned or controlled by the Providing Party, which

information (a) does not pertain to the matters at issue in this litigation or (b) fits within the definition of CONFIDENTIAL information, as defined in this order.

2.1 CONFIDENTIAL information may not be used, modified, enhanced, reverse engineered, shared, distributed, published, disclosed or disseminated by any Party hereto or any person, firm, company or entity receiving CONFIDENTIAL information subject to this agreement, for any business or competitive purpose; in any legal proceeding, other than the within proceeding; for the purpose of causing embarrassment, humiliation, emotional distress or financial distress; or for any other purpose, not solely in connection with this litigation, which shall include any appeals of this matter.

3. "Qualified Persons" include a) the Court and its personnel; (b) the law firms representing each Party and their support personnel (including photocopy operators and any independent contractors hired by any party to make photocopies of documents containing CONFIDENTIAL information); (c) Plaintiff(s); (d) Defendant(s); (e) Intervenor(s), (f) any other third parties added as a Party to this action; (g) authors, composers, drafters, or creators of the CONFIDENTIAL information, provided such person has reasonably demonstrated actual authorship of the CONFIDENTIAL information; (h) any expert witness or consultant hired by any Party (hereafter jointly "Expert") for purposes of this litigation. With regard to any Party that is not an individual, "Qualified Persons" shall include a single individual selected by that Party to represent its interests, and such additional individuals who have "a need to know" of such CONFIDENTIAL information in connection with the prosecution or defense of the within litigation. Such "additional individuals" shall view only that portion of the CONFIDENTIAL information that is necessary based upon the purpose for which the CONFIDENTIAL information is provided.

3.1     Before CONFIDENTIAL information is provided to any Expert or other individual not a party to this litigation, each such person shall endorse this Agreement, acknowledging his/her/their/its understanding of this Order and the duty to maintain such material as CONFIDENTIAL information.

3.2     A Party seeking to disclose CONFIDENTIAL information to a non-party shall, prior to disclosing the CONFIDENTIAL information and in sufficient time to permit Disclosing Party to oppose the disclosure, submit a Notice of the Intent to Disclose to counsel for the Disclosing Party.  If disclosure of the CONFIDENTIAL information to such non-party creates a reasonable likelihood that such disclosure may cause harm to the Disclosing Party, in any manner in which this Agreement attempts to prevent, counsel may file a Motion Objecting to Disclosure with the Court within fifteen (15) days after receiving such notice, with an attached Memorandum stating the grounds for such objection. In the event of such an objection, the Court shall determine whether there is a reasonable likelihood that disclosure may harm the Disclosing Party in any manner in which this Agreement attempts to prevent.  If the Court finds there is such a danger, the Court may a) refuse permission to disclose the CONFIDENTIAL information; b) permit limited disclosure of CONFIDENTIAL information, or c) permit disclosure upon such terms and limitations as the Court may determine. In the event of such a Motion, the CONFIDENTIAL information will not be disclosed until the court has ruled.

3.3     Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL information between or among Qualified Persons by: (a) hand delivery, face-to-face conference or in sealed envelopes or containers via the mails or an established freight, delivery or messenger service or (b) by telephone, facsimile, e-mail or other

electronic transmission systems (if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused).

3.4     Counsel for the Qualified Persons to whom CONFIDENTIAL information has been produced shall employ reasonable safeguards to control access and the duplication of all such CONFIDENTIAL information. Counsel for each Party shall maintain all documents, transcripts and materials containing CONFIDENTIAL information and copies thereof in controlled access locations.

4.     CONFIDENTIAL information, if in written form, shall be stamped on the face of the writing, or shall otherwise be clearly marked: "**CONFIDENTIAL".**  The stamp shall be affixed in such a manner that the written material is not obliterated or obscured, if possible.

4.1     Any party wishing to use CONFIDENTIAL information as an exhibit, attached to a Motion, may file the exhibit under seal.  Any Party wishing to obtain testimony about or use CONFIDENTIAL information in open court shall first submit to *in camera* inspection by the court, after which the court shall determine if, when and how such material shall be used, so as to best maintain its confidentiality.

5     Any document not designated as CONFIDENTIAL information at the time it was originally disclosed, may be so designated at a later time.  The document shall then become CONFIDENTIAL information and shall be treated as such from that date forward. No Party shall be responsible for any disclosure of material made prior to its designation as CONFIDENTIAL information.

6. All CONFIDENTIAL information shall remain classified as CONFIDENTIAL for the purposes of this Order until such time as it is declassified by agreement of the Parties or by the Court.

6.1 CONFIDENTIAL information may be used by the Qualified Persons solely for the purposes of this litigation, including any appeal. CONFIDENTIAL information shall not be used or disclosed for any other purpose and shall not be revealed, disclosed or made available for inspection and copying to any person except for Qualified Persons, without the express written consent of the Disclosing Party or by court order. If, however, a person with access to such CONFIDENTIAL information in any legal or regulatory proceeding is required or ordered to disclose any CONFIDENTIAL information, then that person shall provide the Disclosing Party with immediate notice of such order to afford the Disclosing Party the opportunity to seek appropriate relief.

6.2 Nothing in this Protective Order shall be construed in any way to deprive any Party or non-party of any rights he/she/it may otherwise have under the Federal Rules of Civil Procedure and the Federal Rules of Evidence including, but not limited to: (a) the right to object to any discovery request on any ground; (b) the right to issue subpoenas and/or seek an order compelling discovery with respect to any discovery requests; (c) the right to seek a contested Protective Order to prevent discovery with respect to any discovery requests; (d) the right to object to the admission of any evidence on any ground; (e) the right to assert the attorney-client privilege or the work-product doctrine; (f) the right to assert any other privilege, claim, or defense, to the use or non-use of such CONFIDENTIAL information; (g) the right to use its own documents with complete discretion.

6.3 Nothing in this Protective Order shall be construed to preclude a Disclosing Party from seeking further protective orders for any CONFIDENTIAL information that is particularly sensitive, including a Disclosing Party's right to request that CONFIDENTIAL information be filed with the Court under seal.

7. The Parties acknowledge that it may be impractical to immediately assess the confidentiality or level of confidentiality of all or any part of such documents or testimony.

7.1 A person's receipt of any CONFIDENTIAL information shall not be construed as an agreement or waiver that such information meets the definition of CONFIDENTIAL information provided in Paragraph 1. Neither the providing of CONFIDENTIAL information nor the receipt of CONFIDENTIAL information constitutes an agreement that the information is either relevant or admissible in evidence for any purpose.

7.2 In order to facilitate expected discovery, the Parties acknowledge that inadvertent production of undesignated CONFIDENTIAL information or privileged or arguably privileged material shall not be deemed to be either: (a) a waiver of the attorney-client privilege; (b) a waiver of the work product privilege; (c) a waiver of any other privilege or objection; or (d) a specific waiver of any such privilege with respect to any such material.

8. CONFIDENTIAL information shall be maintained at all times in the custody of counsel for the Receiving Party or a Qualified Person and shall be labeled and secured in a manner designed to prevent any disclosure to persons who are not Qualified Persons under this Order. Subject to other provisions of this Order, this paragraph does not prohibit counsel

from providing copies of relevant information to expert witnesses or consultants who have agreed to be bound to this Order. Nor does it prohibit the filing of documents or exhibits in this Court, so long as such documents are filed under the provisions hereof.

9.1 To the extent that a deposition involves CONFIDENTIAL information, the court reporter shall mark those portions of such deposition transcript(s) that concern CONFIDENTIAL information with the legend "CONFIDENTIAL" and shall place on the cover of the transcript the following legend:

> THIS TRANSCRIPT CONTAINS INFORMATION DESIGNATED CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER IN THIS ACTION. IF THIS TRANSCRIPT IS FILED WITH THE COURT, IT MUST BE FILED UNDER SEAL.

9.2 Any CONFIDENTIAL information which is filed with the Court, and any pleading, deposition, discovery, motion, memorandum or other filing with the Court, disclosing any CONFIDENTIAL information or in which CONFIDENTIAL information is included or attached, shall be filed under seal, in a sealed envelope on which will be endorsed the title and docket number of this action, an indication of the nature of the contents of the sealed envelope (i.e. Plaintiff's Motion for Summary Judgment, Affidavit of Defendant) , and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS DOCUMENTS AND/OR TESTIMONY WHICH HAVE BEEN FILED BY [NAME AND PARTY] AND DESIGNATED AS CONFIDENTIAL AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THIS COURT. IT IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT OR AT THE REQUEST OF THE FILING PARTY.

To the extent CONFIDENTIAL information has already been filed, such information shall be deemed to have been filed under seal if it was filed in a sealed envelope

and marked "Filed Under Seal." In the event that it is necessary to take action to protect CONFIDENTIAL information, the parties are directed to coordinate such actions with the Clerk's office and, if necessary, to seek assistance from the Court.

9.3 Subject to the Federal Rules of Evidence, CONFIDENTIAL information of a Party may be offered in evidence at trial or other hearing only after informing the Court of the intended disclosure of CONFIDENTIAL information and subject to any protection imposed by this Agreement or the Court, including *in camera* proceedings. The Parties shall refrain from referring in open court to any CONFIDENTIAL information, except under such conditions and safeguards, such as *in camera* proceedings, as the court may impose to protect against its disclosure. In the event that a Party wishes to use any CONFIDENTIAL information in any affidavits, briefs, memorandum of law or other filing with the Court in this litigation, any such document containing CONFIDENTIAL information shall be filed and maintained under seal by the Court. By their signatures to this Order, counsel for each of the Parties or non-parties hereby consent to and agree not to object to a request by any other Party for such *in camera* proceedings or the filing of documents under seal.

10. Within thirty (30) days after settlement of, or entry of final judgment in this litigation, including expiration of time for appeals or petitions for review, each Party and each Qualified Person shall return or destroy the original and all copies of each document and thing embodying CONFIDENTIAL information as well as all notes, summaries, digests and machine readable embodiments of the CONFIDENTIAL information to the Party whose CONFIDENTIAL information is at issue.

10.1     Insofar as the provisions of this Order restrict the use or communication of any CONFIDENTIAL information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a Party may seek the written permission of the party whose CONFIDENTIAL information is at issue or further order of the Court with respect to dissolution or modification of this Order and the Court shall retain jurisdiction of all Parties bound hereby.

10.2     The provisions of this Order shall continue in effect with respect to any CONFIDENTIAL information not previously declassified and shall survive the entry of the final judgment until:  (a) the Party whose CONFIDENTIAL information is at issue expressly authorizes, in writing, the disclosure of such CONFIDENTIAL information; or (b) the particular CONFIDENTIAL information has been declassified pursuant to further order of the Court.

10.3     The Court retains jurisdiction of the signatories hereto indefinitely with respect to any dispute regarding the alleged improper use of CONFIDENTIAL disclosed under protection of this Protective Order.

10.4     This Order may be amended without leave of the Court by agreement of counsel for the Parties in the form of a stipulation filed with the Court. This Order may be amended by the Court upon Motion of any Party asking the Court to grant relief from or modify any provision of this Order.

10.5     The obligations of this Protective Order shall survive termination of this action.  The Court shall retain jurisdiction even after termination of this action to enforce this Order.

10.6     To the extent that CONFIDENTIAL information is or becomes known to the public through no fault of the Disclosing Party, such CONFIDENTIAL information shall no longer be subject to the terms of this Protective Order.

SO ORDERED, this  21st  day of  February , 2012 .

                                                                                          s/Michael R. Barrett  
                                                                                          Michael Barrett  
                                                                                          Judge, U.S. District Court  
                                                                                          Southern District of Ohio  
                                                                                          Western Division  

Agreed to by:


/s/ *James Y. Moore*  
Charles T. Lester, Jr., Esq.  (0017601)  
James Y. Moore, Esq.  (0086644)  
ERIC C. DETERS & ASSOCIATES, P.S.C.  
5247 Madison Pike  
Independence, KY  41051-7941  
cteljr@yahoo.com  
clester@ericdeters.com  
jmoore@ericdeters.com  
Attorneys for Plaintiffs




/s/ *Hallie S. Borellis*  
Hallie Schneider Borellis  (0076510)  
Donald B. Hordes  (0014212)  
Schwartz, Manes, Ruby & Slovin  
2900 Carew Tower  
441 Vine Street  
Cincinnati, Ohio 45202  
Telephone: (513) 579-1413  
Facsimile:  (513) 579-1418  
E-mail:hborellis@smrslaw.com  
       dhordes@smrslaw.com  
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served via email, to the following counsel of record on this 21st day of February, 2012 to:

Charles T. Lester, Jr., Esq.
James Y. Moore, Esq.
ERIC C. DETERS & ASSOCIATES, P.S.C.
5247 Madison Pike
Independence, KY 41051-7941
cteljr@yahoo.com
clester@ericdeters.com
jmoore@ericdeters.com
Attorneys for Plaintiffs

/s/ *Hallie S. Borellis*
Donald B. Hordes (#0014212)
Hallie S. Borellis (#0076510)
*Attorneys for Defendant*